**Elliott P. JOHNSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4348.**

Supreme Court of Alaska.

April 18, 1980.

William Babcock, Sitka, for appellant.

James L. Hanley, Asst. Dist. Atty., Juneau, Larry R. Weeks, Dist. Atty., Anchorage, Avrum Gross, Atty. Gen., for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

BURKE, Justice.

Elizabeth Johnson died on February 2, 1976, from internal injuries suffered as a result of a severe beating. Her husband, Elliott P. Johnson, was accused of killing her, in an indictment charging manslaughter. Following a jury trial in the superior court, Johnson was adjudged guilty of the offense charged. In this appeal he challenges his conviction on several grounds.

Among other things, Johnson contends that the trial court erred in allowing the prosecutor to introduce evidence of a statement made by the victim prior to her death, wherein she identified Johnson as her assailant. The statement was made to Vera Marvin, a nurse in the emergency room, shortly after Mrs. Johnson was brought to the hospital. After first telling Ms. Marvin that she had been beaten by another man, the victim later changed her story and told Ms. Marvin that it was actually her husband who had beaten her. Prior to trial, on petition for review, we held that the victim's statement to Ms. Marvin, identifying her husband as her assailant, was inadmissible.[1] *Johnson v. State*, 579 P.2d 20 (Alaska 1978).

At trial, the prosecutor avoided any mention of the above-described statement during his direct examination of Ms. Marvin. However, the statement was introduced during his re-direct examination of that witness. Over the objection of defense counsel, Ms. Marvin was allowed to testify that after Mr. Johnson left the emergency room, the victim told her that he was the one who had beaten her and that they had agreed prior to her arrival to say that it had been done by another man. The incriminating nature of this testimony is self-evident. However, we reject Johnson's argument that it was improperly admitted, despite our earlier holding.

Defense counsel, during his cross-examination of Ms. Marvin, asked the following question: "As a matter of fact, didn't you tell us at [a pre-trial] hearing that it was Elizabeth that told you that she had been beaten up by another man at a house party?" At that point the prosecuting attorney stated that if defense counsel intended to inquire as to what the victim said "that will open the door and I'll be free to explore everything that [the victim] said in that

---

1. This holding was based upon our conclusion that the victim's statement was hearsay and not within one of the exceptions to the hearsay rule. 579 P.2d at 22. We also held that the victim's later statement to a police officer which identified the defendant as her assailant was admissible as a dying declaration. *Id.* at 23–26. At the trial this statement was admitted.

emergency room." Despite this admonition defense counsel proceeded. Ms. Marvin's answer to the question was: "They both told the same story." This was apparently asked in an effort to impeach Ms. Marvin's testimony on direct examination attributing such a statement to the defendant.

Having chosen to introduce evidence of the first part of the victim's statement, wherein she said that it was another man who had beaten her, the defendant is in no position now to complain of the prosecutor's introduction of the remainder of her statement, wherein she changed her story and identified the defendant as her true assailant. Regardless of why defense counsel asked the question that he did, it would have been unconscionable to allow him to gain the advantage of the first part of her statement without suffering the disadvantage of the second part. Thus, we conclude that the evidence was properly admitted.[2] C. McCormick, Law of Evidence § 56 (2d ed. 1972).

Johnson's other assertions of error likewise fail to convince us that his conviction should be reversed. Accordingly the superior court's judgment is affirmed.

AFFIRMED.

---

**2.** Supportive of this conclusion is C. McCormick, Law of Evidence § 57, p. 131–33 (2d ed. 1972):

> One party offers evidence which is inadmissible. Because the adversary fails to object, or because he has no opportunity to do so, or because the judge erroneously overrules an objection, the incompetent evidence comes in. Is the adversary entitled to answer this evidence by testimony and denial or explanation of the facts so proved?
>
> .  .  .  .  .
>
> If the evidence, though inadmissible, is relevant to the issues and hence probably damaging to the adversary's case  .  .  . and if the adversary has seasonably objected or moved to strike, then the adversary should be entitled to give answering evidence as of

right. By objecting he has done his best to save the court from mistake, but his remedy by assigning error to the ruling is not an adequate one. He needs a fair opportunity to win his case at the trial by refuting the damaging evidence.

> .  .  .  .  .
>
> If again the first incompetent evidence is relevant  .  .  . but the adversary has failed to object or to move to strike out, where such an objection might apparently have avoided the harm, then the allowance of answering evidence should rest in the judge's discretion. He should weigh the probable influence of the first evidence, the time and distraction incident to answering it, and the possibility and effectiveness of an instruction to the jury to disregard it.